[Civ. No. 9418. First Appellate District, Division Two.—July 18, 1934.]

In the Matter of the Estate of HENRY HOOVER, etc., Deceased. GERTRUDE HOOVER, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Executor, etc., Respondent.

Owen D. Richardson for Appellant.

E. M. Rea and Maurice J. Rankin for Respondent.

SCHMIDT, J., *pro tem.*—In the above estate the executor Bank of America National Trust and Savings Association filed in the lower court its first account as such executor. In said first account, after setting forth its receipts and disbursements, there was set forth, among other matters, "that there has also been presented against said estate the claim of E. M. Rea for the sum of $6,429.60, which claim has not been approved.

"Your petitioner requests that the court . . . determine the propriety of said claim of said E. M. Rea and to make an order relative to the allowance and payment of same." To this first account Gertrude Hoover, a daughter of decedent and a devisee and legatee under his will, filed her written exceptions and contest, setting forth as to the aforementioned item of Rea "that said proposed expense is excessive, unreasonable and not authorized by law". The said claim of Rea was chiefly for attorney's fees and partially for moneys expended for the decedent. The day following the filing of the written exceptions there was filed a demand for trial by jury, the essential part of which is " . . . and demands that the trial of the issues of fact presented by the contest be tried by a jury". In addition to the particular exception involved herein, twenty-six other exceptions to the first account were set forth in the aforementioned written exceptions, but the appeal herein involves only the aforementioned claim of Rea.

On the hearing, in so far as it related to the Rea item, the court took testimony and after hearing same denied the exceptions and allowed the claim. After the court had allowed certain items presented, including the aforementioned claim of Rea, counsel for contestant, addressing the court, stated: "Now we renew our request for a jury trial as to all items which have been allowed this afternoon," and after some discussion the following took place:

"Mr. Richardson: Now we offer, if your Honor please, to proceed with the trial as to all the claims the court has

allowed this afternoon and all claims heretofore allowed, we demand a jury.

"The Court: Well to the extent you are entitled to a jury trial of course I have no discretion.

"Mr. Richardson: Will it be continued to the next calendar?

"The Court: These are allowed. I have nothing to do with the demands for jury trial. You have to file your demand under the Code of Civil Procedure.

"Mr. Richardson: It has been filed. I think I am entitled to a jury trial on the items passed on this afternoon because I think the court's action simply amounts to the allowance of the claims after an *ex parte* hearing. . . . I don't want to be estopped for my demand for jury.

"The Court: I couldn't estop you. I wouldn't if I could.

"Mr. Richardson: I know you couldn't, your Honor. . . . What is the court's order, that the account is settled?

"The Court: The court's order is the account is settled and allowed as filed.

"Mr. Richardson: We except to your Honor's ruling in allowing the account, and renew our request for a jury trial in default of the allowed claims."

The aforementioned hearing on the claim took place on the twenty-sixth day of May, 1933. The transcript shows that the "order settling first account of executor and approving claims and directing payment of same" was dated the same date, to wit, May 26th, was indorsed filed June 2, 1933, and entered June 3, 1933. Said written order, after relating the fact that witnesses were sworn and examined relative to the claim of E. M. Rea, and the matter submitted to the court for its decision, sets forth: "now find that said claim of E. M. Rea for the sum of $6429.60 is a proper charge against said estate and should be and is hereby allowed, and the said executor is directed to pay same from said estate. . . . Now, therefore, it is hereby ordered, adjudged and decreed that the claim of E. M. Rea for the sum of $6429.60 is a proper and valid claim and charge against said estate and the executor thereof is hereby ordered to pay same from said estate."

The appeal herein is from the aforementioned order. ▮
Appellant contends that she was denied a jury trial of the

disputed items in violation of law and that each of the four allowances for fee, constituting the claim of Rea, is excessive.

Section 711 of the Probate Code provides for the allowance of a claim by the executor and then provides: "If he allows the claim, it must be presented to the judge for approval, who must in the same manner indorse upon it his approval or rejection, and, if approved, it must be filed with the clerk within thirty days thereafter." Section 713 of the Probate Code provides: "Every claim allowed by the executor . . . and approved by the judge shall be ranked among the acknowledged debts of the estate, to be paid in due course of administration; but the validity thereof may be contested by any person in interest, at any time prior to the settlement of the account of the executor . . . in which it is first reported as an allowed and approved claim, . . . " Section 928 of the Probate Code provides: "Whenever an allowed claim is contested by any person entitled to contest it, either the contestant or the claimant is entitled to a trial by jury of the issues of fact presented by the contest, unless a jury is waived as provided by the Code of Civil Procedure with regard to civil actions; and the court shall call the jury and submit such issues to them, and after receiving their verdict, enter an order disposing of the contest in accordance therewith.

From the foregoing facts it will be noted that the trial court not only approved the claim of Rea but ordered same paid. The order directing the executor to pay same in this case was done in direct violation of the statute. Can the fact that in the first annual report it is specifically mentioned this claim of Rea is one presented for approval, be treated as "first reported as an allowed and approved claim" under section 713 of the Probate Code? We think not. This was not a charge of administration for services rendered the estate, but a claim for services rendered to decedent prior to his death. Had the claim been presented to the decedent while alive and had he refused to pay same because he believed (as contestant stated in her objection), "that said expense is excessive, unreasonable and not authorized by law", and thereby had forced Rea to sue for his fees, would not decedent in his lifetime as a matter of right been entitled, if he so chose, to a trial by jury?

Under the circumstances here presented, counsel for the contestant did all he could to indicate the desire of contestant to have the validity of the claim tried by jury. It will be noticed that the trial court, instead of having said claim await a later report or to have its validity specially tried, almost immediately made and entered its written order directing the executor "to pay same from said estate". This was error done in violation of section 713 of the Probate Code and by so doing deprived contestant of the right to a trial by jury to test the validity of the claim as provided by section 928 of the Probate Code.

The order "settling first account of executor and approving claims and directing payment of same", excepting as said order directs the executor to pay the said claim of Rea, is affirmed, and in so far as said order directed the executor to pay said claim of Rea it is reversed. Appellant will recover her costs on appeal.

Nourse, P. J., and Spence, J., concurred.